UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHELLE TIERNEY,<br><br>          Plaintiff,<br><br>v.<br><br>JOHNATHAN PERRY et al.,<br><br>          Defendants. | Case No. 1:25-cv-00319-DCN<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE** |

## I. INTRODUCTION

Before the Court is Plaintiff Michelle Tierney's Complaint. Dkt. 1. Although more than three months have passed since she filed her Complaint, Plaintiff does not appear to have served any of the named Defendants. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may review Tierney's Complaint to determine whether she is entitled to proceed, or whether a sua sponte dismissal is warranted. *See Omar v. Sea–Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Below, the Court briefly considers Plaintiff's Complaint.

## II. LEGAL STANDARD

*1. Case Screening*

Outside the statutory screening authority of 28 U.S.C. §§ 1915 & 1915A, which do not apply to non-prisoner pro se complaints, or where, as here, a pro se plaintiff has paid the filing fee, the court nevertheless retains authority under Rule 12(b)(6) to dismiss a fee-

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE - 1

paid complaint on its own motion. *Omar,* 813 F.2d at 991. A sua sponte dismissal may be entered without prior notice to the plaintiff "where the claimant cannot possibly win relief." *Id.*

Where defendants have appeared and defended, it is more appropriate for the Court to solicit the parties' input before a sua sponte dismissal. *See id.* Where, as here, Defendants have not had the opportunity to address the Complaint, the Court must take care to distinguish claims that are frivolous (where sua sponte dismissal is appropriate) and claims that fail to state a claim for relief and might be amended to state a claim (where dismissal without opportunity to amend may be inappropriate). *Neitzke v. Williams*, 490 U.S. 319 (1989) (decided in the 28 U.S.C. § 1915 context).

In all cases, "the district court is charged with effectuating the speedy and orderly administration of justice." *United States v. W.R. Grace*, 526 F.3d 499, 508–09 (9th Cir. 2008). "There is universal acceptance in the federal courts that, in carrying out this mandate, a district court has the authority to enter pretrial case management and discovery orders." *Id.*

  *2. Pleading Standard*

Pursuant to Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Such statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Detailed factual allegations are not required, but mere "labels and conclusions" do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("*Iqbal*") (citing *Bell Atl. Corp.*

v. *Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*")). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 667. While factual allegations are accepted as true, legal conclusions are not.[1] *Id*.

### III. ANALYSIS

1. *Failure to Comply with Rule 8(a)*

A review of Plaintiff's Complaint satisfies the Court that it does not comply with the pleading requirements in any way which would allow the Court to determine if it contains hidden within it a cognizable cause of action. Instead, Plaintiff's Complaint consists of meandering factual allegations and unintelligible legal conclusions. While the Court is to liberally construe a pro se complaint, such "liberal construction" does not mean "the court will supply essential elements of a claim that are absent from the complaint." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022).

Further, although Plaintiff's Complaint vaguely suggests her First, Eighth, Eleventh, and Fourteenth Amendment rights were violated, it neither explains how such rights were violated, nor alleges the elements of 42 U.S.C. § 1983 claim with respect to such purported constitutional violations. Plaintiff's Complaint also fails to identify the specific defendant(s) against whom each claim is alleged. *See generally*, Dkt. 1.

A complaint "must contain sufficient allegations of underlying facts to give fair notice and enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *Mayberry v. Los Angeles Sheriff's Dept.*, 2021 WL 6102434

---

[1] Rule 8's "simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz*, 534 U.S. at 512. For instance, Rule 9(b) requires greater pleading particularity in all averments of fraud or mistake. Fed. R. Civ. P. 9(b).

(C.D. Cal. May 17, 2001) ("A plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what the claims are and the grounds upon which they rest.") (citing *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995)). Rather than doing so, Plaintiff's Complaint provides a rambling and largely incoherent narrative regarding (unidentified) defendants' alleged implantation of "sensory and tracking devices" in Plaintiff's body. Dkt. 1, at 6–17. Plaintiff suggests this "unethical and potentially illegal conduct" of numerous individuals—most of whom are not named as Defendants[2]—occurred "on[,] before[,] and between June 1, 2016, and June 20, 2025." *Id*. at 6.

In addition to failing to identify her specific claims against each Defendant, Plaintiff's Complaint does not "identify what action each Defendant took that caused Plaintiff's harm without resort to generalized allegations against Defendants as a whole." *In re Nexus 6P Prods. Liab. Litig.*, 293 F. Supp. 3d 888, 908 (N.D. Cal 2019). Instead, Plaintiff broadly states she was "subject[ed] to investigation, discrimination, harassment, retaliation, and punishment," without explaining *how* she was subjected to such conduct, or identifying the specific defendants who did so. Dkt. 1 at 6-17.

Because it fails to comply with Rule 8 and fails to plausibly state any claims, Plaintiff's Complaint is dismissed. However, a "pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the

---

[2] For example, Plaintiff's Complaint suggests "Ada County Marshall Douglas Edward Ogilvie, Ada County Sheriff Stephen Bartlett, and Ada County Sargent [sic] William Mieres" committed such conduct, but does not name any of the aforementioned individuals as Defendants.

complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (cleaned up). The Court will thus allow Plaintiff the opportunity to replead in "a short and plain statement" claims which comply with the above described requirements. Fed. R. Civ. P. 8(a) (emphasis added). Plaintiff's amended complaint must assert claims against only those Defendants who she can credibly allege are responsible for the facts giving rise to such claims.

Further, to withstand dismissal, Plaintiff's amended complaint must provide sufficient factual allegations to render her claims plausible. *Twombly*, 550 U.S. at 556. Plaintiff must also identify specifically how each defendant purportedly wronged her, as "an unadorned, the-defendant-unlawfully-harmed me accusation" will not suffice. *Iqbal*, 556 U.S. at 678.

    2.    *Defendants Hegseth, Patel, and Little are Likely Immune from Suit*

Further, without providing any specific allegations against them, Plaintiff also named Pete Hegseth, Kash Patel, and Brad Little as defendants in her Complaint, each of whom is likely immune from suit under 42 U.S.C. § 1983. Dkt. 1. *See Boyd v. AMR Housing*, 2007 WL 9711275 (D. Haw. 2007); *Miller v. Gammie*, 335 F.3d 889, 895-96 (9th Cir. 2003); *Imbler v. Pachtman*, 424 U.S. 409, 419 (1976). In naming these three Defendants, Plaintiff failed to identify any exceptions to immunity which would allow her to assert claims against them—let alone how such Defendants were in any way involved with the events leading to her suit. Dkt. 1 at 6-17. If Plaintiff chooses to name such individuals as Defendants in her amended complaint, she must identify the specific claims she brings against them, provide the factual allegations underlying such claims, and specify

why such individuals are not immune from suit.

       3.     *Plaintiff did not Allege Defendant Perry Acted Under Color of State Law*

Additionally, aside from Hegseth, Patel, and Little, Plaintiff's Complaint named Johnathan Perry—a local paramedic—as a Defendant but failed to allege Perry acted under color of state law. Dkt. 1 at 6-17. To state a cognizable claim under 42 U.S.C. § 1983 a plaintiff must "allege facts from which it may be inferred that (1) he or she was deprived of a federal right, and (2) a person who committed the alleged violation acted under the color of state law." *Gutzalenko v. City of Richmond*, 723 F. Supp. 3d 748, 756 (N.D. Cal. 2024). Plaintiff's Complaint alleges Perry, among other things, "knowingly implanted sensory and tracking devices" inside her body. Dkt 1, at 7. However, Plaintiff's Complaint does not state—much less provide facts to support—Perry acted under color of state law. Upon amendment, Plaintiff must plausibly allege Perry acted under color of state law in order to state a 42 U.S.C. § 1983 claim against him.

       4.     *Failure to Comply with Federal Rule of Civil Procedure 4(m)*

Finally, in violation of Federal Rule of Civil Procedure 4(m), Plaintiff failed to serve *any* of the named defendants within ninety days of filing her initial Complaint. If she chooses to amend, Plaintiff must serve the named Defendants with her Amended Complaint within ninety days, or risk dismissal pursuant to Rule 4(m).

### IV. CONCLUSION

Plaintiff failed to comply with Federal Rule of Civil Procedure 8(a) and plead a short and plain statement showing she is entitled to relief. Moreover, Plaintiff failed to tie her claims to specific Defendants, to plead facts sufficient to overcome immunity for

Defendants Patel, Hegseth, and Little, and to plausibly allege Defendant Perry acted under color of state law. Finally, Plaintiff did not serve the Defendants with her Complaint in accordance with Federal Rule of Civil Procedure 4(m). Nevertheless, the Court will allow Plaintiff the opportunity to amend her Complaint to address the deficiencies identified herein. Failure to comply with the Court's directives will result in dismissal with prejudice.

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED:**

1. Plaintiff's Complaint is **DISMISSED without prejudice;**

2. Plaintiff must file an amended complaint within thirty (30) days of the date of this Order. Failure to file an amended complaint within this timeframe will result in dismissal of this case **with prejudice**, and without further notice;

3. Plaintiff shall serve all Defendants named in her amended complaint pursuant to Federal Rule of Civil Procedure 4;

4. Plaintiff shall not file any additional motions with this Court unless and until the aforementioned requirements are met.

DATED: October 9, 2025

_____
David C. Nye
Chief U.S. District Court Judge